No. 10-15387

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**SAMUEL MICHAEL KELLER**,
*Plaintiff-Appellee*,

v.

**ELECTRONIC ARTS, INC.,**
*Defendant-Appellant*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
CASE NO. 4:09-CV-01967-CW

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL AMICUS CURIAE BRIEF OF THE NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, THE MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION, THE NATIONAL HOCKEY LEAGUE PLAYERS' ASSOCIATION, THE NATIONAL BASKETBALL PLAYERS ASSOCIATION, AND THE MAJOR LEAGUE SOCCER PLAYERS UNION IN SUPPORT OF PLAINTIFF-APPELLEE**

Michael Rubin
P. Casey Pitts
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Ph:  (415) 421-7151
Fax: (415) 362-8064
mrubin@altber.com
*Attorneys for Amici Curiae*

(Additional Counsel on Inside Cover)

# ADDITIONAL COUNSEL FOR AMICI

DeMaurice Smith
Executive Director
National Football League Players Association
1133 20th Street
Washington, DC 20036
Ph: (202) 756-9100

Michael S. Weiner
Executive Director and General Counsel
Major League Baseball Players Association
12 East 49th Street, 24th Floor
New York, NY 10017
Ph: (212) 826-0808

Donald Fehr
Executive Director
National Hockey League Players' Association
20 Bay Street Suite 1700
Toronto, ON
M5J 2N8
Ph: (416) 313-2300

G. William Hunter
Executive Director
National Basketball Players Association
310 Lenox Avenue
New York, NY 10027
Ph: (212) 655-0880

Robert Foose
Executive Director
Major League Soccer Players Union
7605 Arlington Road, Suite 250
Bethesda, MD 20814
Ph: (301) 657-3535

Pursuant to Fed. R. App. P. 29(e), the National Football League Players Association, the Major League Baseball Players Association, the National Hockey League Players' Association, the National Basketball Players Association, and the Major League Soccer Players Union (collectively, "Player Associations" or "Amici") move for leave to file the attached supplemental amicus brief, which addresses important legal and factual developments that have occurred since the Player Associations filed their first amicus brief on November 5, 2010. Counsel for Amici have carefully reviewed the briefing and record before this Court and the audio recording of the February 2011 oral argument, and believe that the attached brief will assist this Court in preparing for the upcoming July 13, 2012 re-argument and in deciding the important First Amendment and right-of-publicity issues raised by this appeal.

Plaintiff-appellee Samuel Michael Keller has consented to Amici's proposed filing, but defendant-appellant Electronic Arts, Inc. has not.

**GOOD CAUSE EXISTS TO ACCEPT THE PROPOSED SUPPLEMENTAL AMICUS BRIEF**

It has been more than a year and a half since the Player Associations filed their first amicus brief in this matter. Several important legal developments have occurred since then, which the Player Associations' supplemental amicus brief

analyzes and places in context.

The attached brief explains why, under the governing case law, even if EA's hyper-realistic sports video games constitute First Amendment-protected "expression" within the meaning of *Brown v. Entertainment Merchants Ass'n*, 131 S.Ct. 2729 (2011), the publicity rights of college athletes like Samuel Keller nonetheless outweigh EA's First Amendment interest in exploiting those athletes' likenesses for its commercial gain. Amici also address three decisions issued after the merits briefs were filed that specifically address the principal legal dispute at issue in this appeal: *No Doubt v. Activision Publishing, Inc.*, 192 Cal.App.4th 1018 (2011), *review denied*, No. S191787 (Cal. Sup. Ct. June 8, 2011); *Hart v. Electronic Arts, Inc.*, 808 F.Supp.2d 757 (D.N.J. 2011), *appeal pending*, No. 11-3750 (3d. Cir.), and most recently, *Davis v. Electronic Arts, Inc.*, No. 10-03328 RS (N.D. Cal. Mar. 29, 2012). These decisions analyzes the proper scope and application of the California Supreme Court's "transformative use" test, *see Comedy III Productions, Inc. v. Gary Saderup, Inc.*, 25 Cal.4th 387 (2001), and, in particular, whether this Court's analysis should more appropriately focus on the expressive elements of EA's video game as a whole, as EA contends, or on whether the games make an expressive, transformative use of the digitally re-created athletes' likenesses, as Keller contends.

Amici analyze those decisions and other key authorities, explaining why cases like *Davis* and *No Doubt* identify the proper analytical focus required to balance the First Amendment and right-of-publicity interests at stake in the realistic video game context. Amici also demonstrate why an even more appropriate approach to that balancing – because it is more straightforward and less susceptible to analytical confusion – is the "predominant use" test first announced by the Missouri Supreme Court in *Doe v. TCI Cablevision*, 110 S.W.3d 363 (Mo. 2003), and relied upon by the Player Associations as amici and by plaintiff-appellant Ryan Hart in the parallel appeal now pending before the Third Circuit in *Hart v. Electronic Arts*, No. 11-3750.

This Court's decision to schedule a second oral argument for July 13, 2012 with a reconstituted panel makes this motion particularly timely. The Player Associations are simultaneously filing a motion for leave to participate in that oral argument to address several of the points set forth in this supplemental amicus brief that have not been addressed by the parties.

No party will be prejudiced by the filing of the Player Associations' proposed brief. The Court only recently issued its order setting oral argument for July 13, which is two months away, and the parties will have ample opportunity to respond to Amici's brief under Fed. R. App. P. 29(e). Moreover, EA is familiar

-3-

with the arguments presented in Amici's brief because those same arguments were recently presented in the Amicus Brief submitted by the Player Associations and the Opening Brief presented by plaintiff-appellant Ryan Hart in Hart's pending Third Circuit appeal.

    Amici's proposed supplemental brief, in addition to analyzing the applicable legal balancing analysis and explaining why the "predominant use" test is preferable to the other alternative tests, also addresses the practical implications of the issues presented on appeal. By describing the commercial context in which EA and its competitors manufacturer and distribute "NCAA Football" and other hyper-realistic sports video games depicting real college and professional athletes, Amici's proposed brief will assist the Court in balancing the competing constitutional and statutory interests, and in understanding why the functionality, creative elements, and user-controlled interactive features in EA's games do not depend on EA's depiction of real athletes rather than imaginary stock characters in those games. *Cf. Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) (useful amicus briefs "explain the impact a potential holding might have on an industry or other group") (citation omitted). As Amici demonstrate, the reason EA and its competitors populate their sports video games with highly realistic likeness of real athletes (including athletes represented by the

-4-

Player Associations) is to increase the games' marketability; but the First Amendment expressive content of those games would be the same even if no actual athlete's likeness were appropriated for use in those games.

Rule 29(e) permits this Court to accept amicus briefs submitted after the presumptively timely filing date. *See* Fed. R. App. P. 29(e) ("A Court may grant leave for later filing, specifying the time within which an opposing party may answer."). For good cause shown, this Court has allowed supplemental amicus briefs under similar circumstances in other cases. *See, e.g.*, *Friery v. Los Angeles Unified Sch. Dist.*, 448 F.3d 1146, 1147 n.1 (9th Cir. 2006) (granting motion to file supplemental brief amicus curiae). Because Amici's proposed supplemental amicus brief will assist this Court in preparing for re-argument and resolving the important issues in this appeal, the Court should exercise its discretion to permit the filing of Amici's supplemental amicus brief.

The Court has previously allowed the Player Associations to participate as amici in this matter, and Amici's participation continues to be appropriate and important to the proper resolution of the issues presented, for the reasons set forth in the Player Associations' previously filed Brief for Amici Curiae in Support of Appellee by the National Football League Players Association, the Major League Baseball Players Association, the National Basketball Players Association, the

-5-

National Hockey League Players' Association, and the Major League Soccer Players Union, D.E. No. 41, at 1-2.

## CONCLUSION

For the reasons described above, the Player Associations request that this Court permit the filing of their proposed supplemental amicus brief. Given the unusual circumstances of this appeal, including this Court's decision to schedule a second oral argument, accepting the supplemental amicus brief will facilitate the Court's analysis of the issues without prejudicing any party or causing any delay in the resolution of this appeal.

Dated:  May 14, 2012         Respectfully submitted,

                             MICHAEL RUBIN
                             P. CASEY PITTS
                             Altshuler Berzon LLP


                             By: /s/Michael Rubin
                                     Michael Rubin

                             Attorneys for *Amici Curiae* National Football League Players Association, Major League Baseball Players Association, National Hockey League Players' Association, National Basketball Players Association, and the Major League Soccer Players Union

-6-